A97A2220. VICKERS v. BROXTON STATE BANK.
(495 SE2d 645)

POPE, Presiding Judge.

Victor Vickers and his partner had a business checking account

with Broxton State Bank. The bank agreed to honor checks drawn on that account only when they bore the signatures of both Vickers and his partner. Between July 1990 and March 1992, however, the bank honored several thousand dollars in checks signed only by Vickers' partner. When Vickers brought this suit to recover the money improperly disbursed, the trial court granted partial summary judgment to the bank. Applying the limitation period found in OCGA § 11-4-406, the court ruled that because the bank mailed regular checking account statements to the address Vickers specified, Vickers could not recover for checks the bank improperly paid more than 60 days before March 11, 1992 — the date Vickers notified the bank of the improprieties.[1] In this appeal, Vickers contends only that a jury should decide whether the bank acted with the "good faith" required by the statute. We disagree and affirm the judgment.

Pursuant to OCGA § 11-4-406 (1) and (4),[2] "if a bank sends its 'customer' an account statement 'accompanied by items *paid in good faith* in support of the debit entries' or 'otherwise in a reasonable manner made the statement and items available to the customer,' and the customer 'does not within 60 days from the time the statement and items are made available . . . discover and report his (or her) unauthorized signature or any alteration on the face of the item,' the customer 'is precluded from asserting against the bank such unauthorized signature or alteration.'" (Emphasis supplied.) *Travelers Indem. Co. v. Trust Co. Bank*, 228 Ga. App. 893, 895 (2) (495 SE2d 296) (1997). In *Travelers*, we held this statute applicable to the facts at issue, where a bank has improperly paid a check bearing only one of two required signatures.

"When OCGA § 11-4-406 is followed properly, the bank cannot be held liable for [an item paid without both required signatures] shown on a statement it sent more than 60 days before the customer reports the forgery. As [Vickers] correctly notes, however, to avail itself of this cut-off, the bank must first give the customer a statement showing items paid 'in good faith.' [Vickers] contends the bank did not pay the [improperly signed] checks in good faith. 'Good faith' is defined as 'honesty in fact in the conduct or transaction concerned.' OCGA § 11-1-201 (19). Contrary to [Vickers'] contention, issues of good faith do not always present jury questions. The facts of a case determine when it is possible to declare as a matter of law whether good faith can be established. [Cit.]" *Eason Publications v. NationsBank of Ga.*, 217 Ga. App. 726, 728 (1) (458 SE2d 899) (1995).[3]

---

[1] Although the record does not clearly show the basis for the March 11, 1992 notification date, Vickers does not challenge that date in this appeal.

[2] In 1996, these subsections were redesignated as OCGA § 11-4-406 (a) and (d).

[3] Although the bank cited *Eason* in both its trial court and appellate briefs, Vickers makes no reference to the case and no effort to distinguish it.

Here, as in *Eason*, Vickers has presented no evidence showing the bank paid the checks "without 'honesty in fact.'" 217 Ga. App. at 728 (1). Once Vickers notified the bank of its errors, the bank took steps to ensure that all future checks bore two signatures. Although Vickers points to evidence showing he was a new customer of the bank, and the bank had a long-term relationship with his partner, this relationship gives rise to no inference that the bank treated him dishonestly. See id. (person who forged checks had multiple business dealings with bank). Vickers also shows that the bank closed the account without his permission after learning of its errors, and he claims that the bank president cursed him and told him he had suffered no loss because his partner had contributed all funds in the account. But any bad faith the bank exhibited after Vickers notified it of the errors is immaterial because "[t]he transactions regarding which lack of good faith must be shown are paying the checks and debiting [the] account." Id. Under these circumstances, the trial court properly found no jury question existed regarding the "good faith" requirement of OCGA § 11-4-406. Its grant of partial summary judgment was therefore proper.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 14, 1998.

*Starling & Starling, Donald A. Starling, Kenneth E. Futch, Jr.,* for appellant.

*Walters, Davis, Smith, Meeks & Pujadas, J. Harvey Davis,* for appellee.